# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| NICOLE TAYLOR,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK,<br><br>　　　　Defendant. | Case No.: 2:20-cv-04559<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. §227<br>2. Georgia Fair Business Practices Act, Ga. Code §10-1-393 *et seq.*<br>3. Invasion of Privacy- Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Nicole Taylor ("Nicole"), by and through her attorneys, alleges the following against Defendant JPMorgan Chase Bank ("Chase").

## INTRODUCTION

1. Count I of Nicole's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Nicole's Complaint is based upon the Georgia Fair Business Practices Act ("GFBPA"), Ga. Code §10-1-393 *et seq*. The GFBPA deems unlawful all unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

3. Count III of Nicole's Complaint is based upon the tort of Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns . . . that would be highly offensive to a reasonable person."

## PARTIES

4. Nicole is a natural person residing in DeKalb County, Georgia.

5. Nicole is a "consumer" as defined by Ga. Code §10-1-392(6).

6. Chase is a National Association and its principal place of business is located at 1111 Polaris Parkway, Columbus, OH 43240.

7. Chase can be served at its registered agent CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

8. Chase is the successor by merger or acquisition of Chase Bank USA, N.A.

9. Chase acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

10. Jurisdiction of this court arises under 47 U.S.C. §227, 28 U.S.C. §§1331, 1332, 1367.

11. Subject matter jurisdiction is established under 47 U.S.C. §227 as the same is a federal statute granting citizens a private right of action in federal court to recover statutory damages.

12. Diversity jurisdiction is established under 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00, Nicole is a citizen of Georgia, and Chase is a citizen of Ohio.

13. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) as Chase resides in this District.

14. Chase is "at home" in Ohio; therefore, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

15. The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property, insurance or service which is the subject of the transaction is primarily for personal, family or household purposes.

16. In or around April 2020, in an effort to collect on an alleged debt, Chase began calling Nicole on her cellular telephone from the following phone numbers: (847) 426-8085; (210) 520-0146; (407) 732-2416; and (847) 426-9203.

17. Upon information and belief, these phone numbers are owned, operated or controlled by Chase and/or its agent(s).

18. On or about April 8, 2020, at approximately 8:29 am, Nicole answered a call from Chase and spoke with a representative.

19. After picking up the call, Nicole noticed an unusually long delay before Chase's representative began speaking, and heard a short burst of dialing tones, as well as metallic voices, all consistent with the use of an automatic dialing system.

20. In the same call, the Chase representative indicated that Chase was

attempting to collect a debt from Nicole.

21. Nicole informed the representative that she did not have money to pay Chase because she had been looking after other people, especially her 78-year-old mother, which had caused her to overextend herself and fall behind on her payments and bills.

22. Nicole then instructed Chase's representative to please only contact her by mail from then on, and that she would contact Chase if anything changed, meaning when she was able to make a payment again.

23. Despite Nicole expressly instructing Chase to not call her and informing Chase that she could not pay at the time, Chase began a harassment campaign by calling Nicole on her cellular phone relentlessly over the next three months, including on the weekends.

24. Between April 8, 2020 and July 21, 2020, Chase called Nicole's cellular telephone no less than **ONE HUNDRED AND SIXTY-FIVE (165) times** after Nicole revoked consent to be called.

25. Chase called Nicole almost every other day, including on the weekends.

26. Chase consistently called Nicole multiple times in a single day. For example, Chase called Nicole six (6) times on June 9, 2020.

27. Upon information and belief, Chase called and texted, or attempted to call and text, friends and family of Nicole with the intention that they would communicate to Nicole that Chase was attempting to collect a debt from her, causing Nicole additional embarrassment and distress.

28. Upon information and belief, Chase called Nicole and delivered prerecorded

or artificial voice messages.

29. Upon information and belief, Chase's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

30. Chase is familiar with the TCPA and the GFBPA.

31. Chase's conduct was not only done willfully but was done with the intention of causing Nicole such distress, so as to induce her to pay the debt.

32. Each and every one of Chase's telephone calls caused Nicole distraction and temporary loss of use of her telephone line.

33. Chase intrusion upon Nicole's seclusion was highly offensive to the reasonable person, oppressive, outrageous, and exceeded reasonable collection efforts. Chase's conduct was especially egregious because Chase called relentlessly shortly after Nicole had explained that she did not have money to repay Chase due to circumstances outside of her control, and expressly revoked consent to be called. Further, the annoying and oppressive calls were placed when Chase had actual knowledge that Nicole was dealing with the stress of supporting her elderly mother.

34. As a result of Chase's conduct, Nicole has sustained actual damages including but not limited to, stress, anxiety, embarrassment, severe emotional and mental pain and anguish.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

35. Nicole incorporates by reference the foregoing paragraphs as fully stated herein.

36. Chase violated the TCPA. Chase's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Chase violated TCPA 47 U.S.C. §227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

    b. Within four years prior to the filing of this action, on multiple occasions, Chase violated 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party."

37. As a result of Chase's violations of 47 U.S.C. §227, Nicole is entitled to declaratory judgment that Chase's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages for each and every violation, pursuant to §227(b)(3)(B). If the Court finds that Chase knowingly and/or willfully violated the TCPA, Nicole is entitled to an award of one thousand five hundred dollars ($1,500.00) for each and every violation, pursuant to §227(b)(3)(B), (C).

## COUNT II

### Violations of the GFBPA, Ga. Code §10-1-393

38. Nicole incorporates by reference the foregoing paragraphs as fully stated herein.

39. Chase violated the GFBPA. Calling a consumer's cellular phone repeatedly after the consumer has asked that the calls stop, in an attempt to coerce the consumer into repaying a consumer debt, is an unfair or deceptive act or practice. Ga. Code §10-1-393.

40. As a result of Chase's violations of the GFBPA, Nicole is entitled to recover actual damages, and attorneys' fees and expenses of litigation. §10-1-399. If the Court finds that Chase intentionally violated the GFBPA, Nicole is entitled to an award of treble damages. *Id*.

## COUNT III

### Violation of Invasion of Privacy — Intrusion Upon Seclusion

41. Nicole incorporates by reference the foregoing paragraphs as fully stated herein.

42. Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

43. Chase violated Nicole's privacy. Chase's violations include, but are not limited to, the following:

   a. Chase intentionally intruded, physically or otherwise, upon Nicole's solitude

and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite a request for the calls to cease.

b. The number and frequency of the telephone calls to Nicole by Chase after a request for the calls to cease constitute an intrusion on Nicole's privacy and solitude.

c. Chase's conduct would be highly offensive to a reasonable person as Nicole received calls that often interrupted and occupied her telephone line.

d. The frequency and volume of Chase's calls were harassing to Nicole.

e. Chase's acts, as described above, were done intentionally with the purpose of coercing Nicole to pay an alleged debt which Chase had full and actual knowledge Nicole could not afford to pay.

f. Chase's actions demonstrate a willingness to cause additional suffering to an individual whom Chase knew to be dealing with the anxiety of supporting an elderly parent.

44. As a result of Chase's violations of Nicole's privacy, Chase is liable to Nicole for actual damages. If the Court finds that Chase's conduct was egregious, Nicole may recover punitive damages.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Nicole hereby demands a trial by jury of all issues triable by jury.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Nicole Taylor respectfully requests judgment be entered

against Defendant JPMorgan Chase Bank, N.A. for the following:

A. Declaratory judgment that Chase violated the TCPA and the GFBPA;

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B), (C);

D. Actual damages pursuant to Ga. Code §10-1-399;

E. Treble damages for intentional violations of the GFBPA pursuant to Ga. Code §10-1-399;

F. Attorneys' fees and expenses of litigation pursuant to Ga. Code §10-1-399;

G. Actual and punitive damages for Chase's intrusion upon Nicole's seclusion;

H. Awarding Nicole any pre-judgment and post-judgment interest as may be allowed under the law; and

I. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED

**COZMYK LAW OFFICES, LLC**

Date: September 2, 2020

*/s/ Peter Cozmyk*
Peter Cozmyk (Bar #78862)
6100 Oak Tree Blvd., Suite 200
Independence, Ohio 44131
pcozmyk@cozmyklaw.com
T: (877) 570-4440
F: (216) 485-2125
*Attorneys for Plaintiff*
*Nicole Taylor*